UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

VINCENT MICHAEL MARINO     DOCKET NO. 11-1763; SEC. P

VERSUS     JUDGE DEE D. DRELL

WARDEN     MAGISTRATE JUDGE JAMES D. KIRK

## REPORT AND RECOMMENDATION

Before the Court is a petition for writ of *habeas corpus* filed by *pro se* petitioner Vincent Michael Marino, pursuant to 28 U.S.C. §2241. Petitioner is an inmate in the custody of the United States Bureau of Prisons, and he is incarcerated at the United States Penitentiary in Pollock, Louisiana. He challenges a disciplinary conviction for which he lost good time credit.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

### *Factual Background*

According to an incident report submitted by Petitioner, on December 3, 2009, an officer was conducting a search of Petitioner's cell. [Doc. #1, p.34] During the search, the officer reportedly discovered that a four inch concrete block adjacent to the toilet had been tampered with. When the officer removed the block, he discovered two brown bags containing approximately 10 gallons of an unknown liquid. In order to remove the bags, additional blocks had to be removed, and the sink and water supply line were damaged.

On the same date, an officer searched Petitioner's locker and discovered $2,729.32 worth of stamps, a master copy of betting slips for NFL games, and a large amount of other gambling slips.

Incident reports were written on December 3, 2009, and were provided to Petitioner on December 5, 2009. Petitioner was advised of his rights and provided with a copy of same on December 9, 2009. A disciplinary hearing was held on December 15, 2009, after which Petitioner was convicted of three of four violations. Petitioner had to forfeit over thirty days of good time credit, was sentenced to thirty days disciplinary segregation, and received a 180 day restriction of visiting, telephone, and commissary privileges.

### Law and Analysis

The federal writ of habeas corpus is an extraordinary remedy that shall not extend to any prisoner unless he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(c)(3) & 2254(a); Brecht v. Abrahamson, 507 U.S. 619, 633-34, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993) (explaining that "the writ of habeas corpus has historically been regarded as an extraordinary remedy, a bulwark against convictions that violate fundamental fairness"). Thus, to prevail on his request for federal habeas corpus relief, the petitioner must establish a constitutional violation.

Prisoners charged with institutional rules violations are entitled to rights under the Due Process Clause only when the

disciplinary action may result in a sanction that will infringe upon a constitutionally protected liberty interest. See Sandin v. Conner, 515 U.S. 472 (1995). Federal prisoners do have a liberty interest in their accumulated good-time credit. See Henson v. U.S. Bureau of Prisons, 213 F.3d 897, 898 (5th Cir. 2000).

A. Civil Rights Claims

As a result of his disciplinary conviction, Petitioner received sanctions such as **disciplinary segregation and suspension of certain privileges**. These sanctions do *not* implicate a liberty interest of the sort protected by the Due Process Clause. See Madison v. Parker, 104 F.3d 765, 768 (5th Cir. 1997)(Limitations imposed upon commissary or recreational privileges, and a cell restriction or solitary confinement on a temporary basis, are the type of sanctions that do not pose an atypical or significant hardship beyond the ordinary incidents of prison life.) Any challenge to those sanctions fails to state a claim that is cognizable on federal habeas corpus review. Likewise, Petitioner's claims regarding retaliation and periods of time where he did not receive his legal mail fail to state a claim cognizable on federal habeas review. As Petitioner has been informed before by this Court (1:10-cv-1413) a petition for writ of habeas corpus is the proper procedural vehicle for challenging

the <u>fact</u> or <u>duration</u> of confinement. See <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 500 (1973). Petitioner's claim concerns the <u>conditions</u> of his confinement should be raised by way of a *civil rights action*. See <u>Preiser</u>, 411 U.S. at 499. Petitioner's claims regarding segregation, loss of privileges, retaliation, and access to court, are actually civil rights claims that should be filed pursuant to <u>Bivens v. Six Unknown Named Agents</u>, 403 U.S. 388 (1971).

**B.   Loss of Good Time**

Since Petitioner also lost good time credits, the analysis approved by the Supreme Court in <u>Wolff v. McDonnell</u>, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974) and <u>Superintendent, Massachusetts Correctional Institution v. Hill</u>, 472 U.S. 445 (1985), governs the challenge to the disciplinary conviction resulting in the loss of good time.

In <u>Wolff</u>, the Court held that, although the rights of a prisoner "...may be diminished by the needs and exigencies of the institutional environment, a prisoner is not wholly stripped of constitutional protections when he is imprisoned for crime." Nevertheless "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." <u>Id.</u> at 555-556. Accordingly, in order for a prison disciplinary proceeding to

comport with the requirements of due process the following minimal procedural safeguards must be afforded: **(1) adequate notice** of the alleged violation;(2) an **opportunity to present evidence**,(3) **written findings** in support of the ruling; and (4) the requirement that upon review, **"some evidence" support the ruling**. <u>Superintendent, Massachusetts Correctional Institution v. Hill</u>, 472 U.S. 445, 454 (1985); <u>Wolff</u>, supra, at 556.

   1. *Adequate notice*

Based upon the evidence supplied by Petitioner, it appears that he was given adequate and timely notice of the alleged violation. The written notice informed him of the specific charges as well as the evidence supporting the charge, and the notice enabled him to prepare any defense he desired. [Doc. 1, p.34-37] Although Petitioner claims his notice was delivered after the mandatory 24 hour time period. However, this 24 hour period is not mandatory. 28 C.F.R. §541.15(a) provides that staff shall give each inmate charged with violating a Bureau rule a written copy of the charge(s) against the inmate, **ordinarily within 24 hours** of the time staff became aware of the inmate's involvement in the incident. (Emphasis added.)

Regardless, even if the notice was provided late, it is well-settled that the agency's failure to comply with its own regulations does not necessarily state a constitutional claim. <u>See</u>

5

Jackson v. Cain, 864 F.2d 1235, 1251 (5th Cir. 1989)(failure to follow procedural regulations "does not establish a violation of due process, because constitutional minima may nevertheless have been met" (internal quotation and citation omitted)). Here, the incident took place on December 3, 2009; the reports were written on December 3, 2009; the reports were provided to Petitioner on December 5, 2009; Petitioner was advised of his rights and provided with a copy of same on December 9, 2009; and a disciplinary hearing was held on December 15, 2009. There is no support for Petitioner's conclusory claim that adequate notice was not provided.

   2.  *Opportunity to Present Evidence*

A hearing was held on or about December 15, 2009, at which Petitioner waived his right to a staff representative. Petitioner admitted that the intoxicants, excess stamps, and gambling slips belonged to him. [Doc. #1, p.35-36]

   3.  *Written Findings*

The DHO made written findings, and Petitioner was provided with a copy on December 17, 2009, which he attached as an exhibit to his petition. [Doc. #5, p.43-44]

   4.  *Some Evidence*

Finally, there is "some evidence" supporting the ruling. The liquid, stamps, and gambling forms were found in his cell, and Petitioner admitted that the items of contraband belonged to him.

It is evident that Petitioner was afforded the procedural safeguards discussed in Wolff. His claims regarding the conditions of his confinement cannot be raised in a habeas petition.

### Conclusion

For the foregoing reasons **IT IS RECOMMENDED** that the Petition be denied and dismissed with prejudice.

**Under the provisions of 28 U.S.C. Section 636(b)(1)(c) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District judge at the time of filing.**

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).**

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this 2nd day

of ~~November~~ December, 2011.

```
                                    _____
                                    JAMES D. KIRK
                                    UNITED STATES MAGISTRATE JUDGE
```